# Exhibit A

United States District Court
Middle District of Florida
Jacksonville Division

BASSIR BAYAT,

    Plaintiff,

v.                                    Case No. 3:25-cv-1085

SULTAN BAYAT, PATONIA BAYAT,
MOHAMMAD BAYAT, ALI BAYAT,
SAMAY BAYAT, AL WASAY BAYAT, &
TAYAB REAL ESTATE CO. LTD.,

    Defendants.
_____/

## Declaration

I, Sultan Bayat, declare the following:

1.    I am the second son of Amir Khan Aga Bayat.

2.    My brother Farid is the eldest Bayat son.

3.    I was born in Afghanistan and emigrated to the United States as
an adult.

4.    After arriving in the United States, I worked in a building owned

by Nicola Gaudio.

5. I developed a close personal friendship with Nicola Gaudio.

6. I eventually leased space from Nicola Gaudio to operate a restaurant at 1437 Second Avenue, New York City, New York 10021.

7. In 1991, I purchased the property at 1437 Second Avenue, New York City, New York 10021 (the "New York Property") from Nicola Gaudio (who owned it through his company, Jonin Realty Corp.). The property consists of six residential units and one commercial unit.

8. I established Tayab Real Estate Co. Ltd. ("Tayab") to own and manage the New York Property.

9. Tayab is the sole owner of the New York Property.

10. I never entered any agreement or other arrangement with any of my siblings or my father regarding the New York Property as alleged in the Amended Complaint.

11. I never promised or otherwise agreed to distribute profits from the New York Property to any of my siblings as alleged in the Amended Complaint.

12. I never promised or otherwise agreed to provide any of my siblings with any records from or information pertaining to the New

2

York Property as alleged in the Amended Complaint.

13. I never promised or otherwise agreed with any of my siblings that they were entitled to any rights in the New York Property, including ownership rights, as alleged in the Amended Complaint.

14. My siblings have no legal or equitable rights in the New York Property.

15. I never provided any of my siblings records or information regarding the New York Property pursuant to any agreement or similar obligation as alleged in the Amended Complaint.

16. I never distributed profits, proceeds, or other funds from the New York Property to any of my siblings pursuant to any arrangement as alleged in the Amended Complaint, although I have given various siblings occasional financial gifts.

17. Each of my adult sons is employed outside of Tayab.

18. My brother Ehsanollah owns a business conglomerate that includes Bayat Power, a power producer in Afghanistan, and Ariana Television and Radio Network, which identifies as the largest private media channels in Afghanistan.

19. My brother Bassir works for Ehsanollah.

20. Around 2019, my son Matthew and I attended my nephew's wedding in Afghanistan.

21. Matthew and I shared a room at my parents' home in Kabul for the wedding. After the wedding, around 5:00 a.m., armed security escorted me out of the room. I was kept from Matthew for several hours. When I was eventually able to see him, Matthew informed me that my brothers Ehsanollah and Bassir had locked him in a room with armed guards and searched his phone.

22. In the early 2020s, I discovered that a fraudulent will appointing Ehsanollah and Bassir executors of my estate existed.

23. I never signed such a will and never appointed my brothers to be executors.

24. Based on the wedding incident, the forged will, other family conflict, my belief that Ehsanollah and Bassir are dealing with the Taliban, and my remaining siblings' support of Ehsanollah and Bassir, I ended communication with my siblings.

25. Since I ended communication with my siblings, various siblings have harassed my family and me.

26. Before this lawsuit, I was represented by the Choi Law Firm in

New York on another matter.

27. I have never evaded service in this case.

28. To my knowledge, Bassir attempted to serve me at my wife, Patoni's, brother's home in Maryland.

29. Patoni, our sons, and I do not live with Patoni's brother.

30. Patoni, our sons, and I were not present when service was attempted.

31. When service was attempted at my home on August 15, 2025, Patoni was present and accepted service, which we have treated as proper service on all individual defendants.

32. As far as I am aware, Bassir made no additional attempts to serve me, my wife, or my sons.

33. Since before this lawsuit, my wife, sons, and I have been represented by the Choi Law Firm in New York.

34. Before filing this lawsuit, one of Bassir's lawyers had communicated directly with my New York counsel.

35. Another of Bassir's lawyers communicated with my New York counsel on another matter the day before Patoni accepted service in this case. In that communication, Bassir's lawyer acknowledged my

New York lawyer's representation of my family.

36. Bassir's counsel never contacted my New York counsel to ask her to accept service of process on our behalf.

37. Had Bassir's counsel requested that our counsel accept service, we would have permitted her to do so.

38. Before I moved to Virginia, my New Jersey home was my primary residence.

39. I first put my New Jersey home on the market on July 26, 2024.

40. I am currently recovering from a stroke. The stroke has caused physical frailty.

41. I was evaluated by my physician on January 2, 2026. He has provided a note regarding my physical and mental condition following the evaluation. A true and correct copy of his note is attached as Exhibit 1.

42. My wife and sons have not abused or taken advantage of me in any way, as insinuated in Bassir's motion for appointment of a receiver.

43. While I recover, I have delegated management of Tayab.

44. Tayab is being managed according to my wishes.

45. The above-captioned lawsuit has created an enormous burden for

my family.

46. I believe the lawsuit was filed to harass and financially ruin me, my wife, and my sons.

47. We have already spent tens of thousands of dollars responding to Bassir's various filings and attempting to comply with discovery requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 5, 2026.

_Sultan Bayat_

Sultan Bayat

KIRK HILLIARD
NOTARY PUBLIC
REGISTRATION # 7839539
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 03/31/2027

I witnessed this signature in Loudoun County VA on 1/5/2026