# Exhibit D

BASSIR BAYAT,

      Plaintiff,

      v.

SULTAN BAYAT, PATONIA BAYAT, MOHAMMAD BAYAT, ALI BAYAT, SAMAY BAYAT, AL WASAY BAYAT, and TAYAB REAL ESTATE CO., LTD.,

      Defendants.

Case No. 3:25-CV-1085

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

In accordance with Federal Rules of Civil Procedure 26 and 34, Plaintiff, Bassir Bayat, requests that Defendants, Sultan Bayat, Patonia Bayat, Mohammad Bayat, Ali Bayat, Samay Bayat, Al Wasay Bayat, and Tayab Real Estate Co. Ltd. (collectively, "Defendants"), respond fully to each of the Requests for Production (the "Requests") set forth below within thirty (30) days of the date of service of the Requests.

## DEFINITIONS

When used in these Requests and the Instructions, the following terms shall have the meanings herein assigned unless the context clearly requires another construction. Any capitalized terms or terms in quotation marks that are not otherwise expressly defined herein shall have the meanings set forth in the pleadings.

A. "You," "your," and "Defendants" shall mean the parties to whom these Requests are directed, Sultan Bayat, Patonia Bayat, Mohammad Bayat, Ali Bayat, Samay Bayat, Al Wasay Bayat, and Tayab Real Estate Co. Ltd, and, where applicable, their respective parents, subsidiaries, affiliates, units, offices, divisions, officers, directors, trustees, employees, agents, attorneys, assigns, and other persons acting on their behalf or at their direction.

B. "Bayat Siblings" shall mean one or more of: Plaintiff, Farid Bayat, Nassir Bayat, Arifa Rahin, Ehsanollah Bayat, and Ruhullah Bayat.

C. "Property" shall refer to the real property located at 1437 Second Avenue, New York City, New York 10021, and all commercial and/or residential units and appurtenances of same.

D. "Concerning" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, referencing, discussing, showing, describing, reflecting, analyzing, or constituting.

E. "Communicate" or "Communication(s)" means any transmission, exchange, or making known of information or thoughts by oral, written, pictorial or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, including electronic mail, social media, text message, chat, instant messaging, audio or video call, and shall be given the broadest possible interpretation. Communications, and any evidence of a

2

Communication, is included in the definition and meaning of Documents as used herein.

F.     The term "person" or "persons" shall mean a natural person or an artificial person, including, but not limited to, corporations, limited liability companies, partnerships, associations, joint ventures, government agencies or entities, or any other cognizable organization.

G.     The word "identify," when used in reference to:

    a.  an <u>individual</u>, shall mean to state his or her full name, present or last known residence address (designating which), present or last known e-mail address (designating which), present or last known social media accounts (designating which), and present or last known (designating which) business affiliation, job title and employment address, and present or last known (designating which) telephone number;

    b.  a <u>firm, partnership, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name and present or last known (designating which) address, its legal form (e.g., partnership, corporation, limited liability company, government entity, etc.), the identity of its chief executive officer and/or managing member, and telephone number.

#530625675_v1

H. The term "Document" or "Documents" includes, but is not limited to, every writing or record of every type or description that is or has been in the possession, custody, or control of the party responding to these requests or of which the party responding to these requests has knowledge, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, videotapes, voice records, maps, graphs, reports, surveys, minutes, statistical compilations, electronic mail, chat messages, instant messages, social media activity, text messages, artificial intelligence ("AI") chats or prompts, computer disks, tapes, or other computer and/or cloud data storage devices; every copy of such writing or records where the original is not in the possession, custody, or control of the party responding to these requests; and each and every copy of each such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary, notation, or marginalia that does not appear on the original writing or record. The term also includes all "native" or "live" files and records and all embedded comments thereto.

I. A document "relating," "related," or "which relate(s)" to any given subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including, but not limited to, documents concerning the preparation of other documents.

4

J.      If the word "each" appears in any request herein, it shall mean "each and every" and each such request should be answered separately with respect to each of the subjects, matters, or things encompassed by said request.

K.      "Amended Complaint" shall mean Plaintiff's Verified First Amended Complaint filed in the above-captioned action. To the extent the Amended Complaint has been superseded by a later operative pleading, the continuing nature of these Requests dictates that Amended Complaint shall be read to refer to all subsequent operative complaints.

**<u>INSTRUCTIONS</u>**

A.      In responding to these Requests, please furnish all documents that are available to you, including, but not limited to, information that is in the possession of your agents, representatives, investigators, and unless privileged or otherwise protected, your attorneys and your attorneys' agents, employees, representatives, or investigators.

B.      Any copy of a document on which any notation, addition, alteration, or change (including any marginalia) has been made is to be treated as constituting an additional original document and you are required to produce the same.

C.      As to the manner of production, the documents shall be organized for production as they are kept in the usual course of business or they shall be organized and labeled or numbered so as to correspond with these Requests. Hardcopy and electronically stored information ("ESI") shall be produced

5

consistent with the Federal Rules of Civil Procedure and in the manner described in any protocol between the parties.

D.     If any document requested is no longer in your possession, custody, or control, or is unobtainable by you, then you must provide an explanation of why the document is no longer in your possession, custody, or control, and identify its current location; the date the document was last in your possession, custody, or control; the current custodian of the document; the title, length, and type of document (e.g., notes, report, etc.) and the subject matter and contents of the document; and an explanation of your attempts to obtain the document.

E.     These Requests are to be deemed continuing in nature and any subsequently discovered information or documents responsive to these Requests shall be produced immediately upon your learning of such information or documents.

F.     Responsive documents that are withheld from production, in part due to a redaction or in their entirety, shall be identified in a complete and accurate privilege log produced simultaneously with Plaintiffs' responses hereto. The log will be produced as a searchable .pdf or Excel file. The log will contain the following fields of information:

(1)     "From": Lists the contents of the "From" field of the email, or the author/custodian field of a document;

(2)     "To": Lists the contents of the "To" field of the email, or the indicated recipient of the communication;

(3)    "CC": Lists the contents of the "CC" (carbon copy) field of the email, or the indicated carbon copy recipients of the communication;

(4)    "BCC": Lists the contents of the "BCC" (blank carbon copy) field of the email, or the indicated carbon copy recipients of the communication;

(5)    "Date": Lists the date the email was sent, or the date the document was last modified;

(6)    "Subject": Lists the subject line of the email;

(7)    "Custodian": Identifies the individual the document was obtained from; 8

(8)    "Attachments": Indicates by way of a "Y" for yes or "N" for no whether the document had attachments—the attachments do not need to be separately logged;

(9)    "Redacted": Indicated by way of a "Y" for yes or "N" for no whether the document has been redacted;

(10)    "Document Description": Sufficient information as to the nature of the document so that the receiving party is able to fairly evaluate the claim of privilege; and,

(11)    "Basis for Claim of Privilege": For the privilege log alone, information indicating the basis for the claim of privilege—e.g., "Attorney-Client Privileged" or "Work Product Protected."

#530625675_v1

<strong><u>FIRST REQUESTS FOR PRODUCTION</u></strong>

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents that you were requested to identify in, or otherwise identified in response to, Plaintiff's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**: Produce all documents that reflect, refer, relate to, evidence, and/or concern, any of the facts that you contend support or tend to support each response to any of Plaintiff's Interrogatories, segregated by Interrogatory number.

**REQUEST FOR PRODUCTION NO. 3**: Produce all documents that reflect, refer, relate to, evidence, and/or concern, any of the facts that you contend support or tend to support each response to any of Plaintiff's Requests for Admission that was other than an unequivocal admission, segregated by Request number.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents that support, reflect, refer, relate to, evidence, and/or concern, each argument made in your Motion to Dismiss the Amended Complaint and any affirmative defense asserted in your Answer and Affirmative Defenses to the operative Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5:** Produce all financial statements, tax returns, and accounting records for Tayab Real Estate Co. Ltd. from its inception to present, including:

a) Annual financial statements;

b) Monthly or quarterly internal financials;

8

c) General ledgers and trial balances;

d) Bank, brokerage or financial statements and cancelled checks;

e) Federal and state tax returns;

f) Depreciation schedules;

g) Audit reports and work papers; and

h) Management reports and analyses.

**REQUEST FOR PRODUCTION NO. 6:** Produce all financial statements, tax returns, and accounting records relating to the Property from its acquisition to present, including:

a) Annual financial statements;

b) Monthly or quarterly internal financials;

c) General ledgers and trial balances;

d) Bank statements and cancelled checks;

e) Federal and state tax returns;

f) Depreciation schedules;

g) Audit reports and work papers;

h) Statements of rents; and

i) Management reports and analyses.

**REQUEST FOR PRODUCTION NO. 7:** Produce all leases, rental agreements, and occupancy agreements relating to  the Property from acquisition to present, including:

#530625675_v1

a) All commercial leases;

b) All residential leases;

c) All amendments or modifications;

d) All correspondence with tenants;

e) Rent rolls and collection records;

f) Security deposit records;

g) Eviction notices or proceedings; and

h) Marketing materials for vacant units.

**REQUEST FOR PRODUCTION NO. 8**: Produce all documents that reflect, refer, relate to, evidence, and/or concern to any distributions, payments, or benefits made from Property-derived funds, Tayab or the Pamir restaurant, including:

a) Cancelled checks;

b) Wire transfer confirmations;

c) Account statements showing transactions;

d) Invoices or bills paid;

e) Receipts or acknowledgments;

f) Tax reporting documents (1099s, W-2s, etc.); and

g) Any agreements regarding payments.

**REQUEST FOR PRODUCTION NO. 9:** Produce all corporate records for Tayab Real Estate Co. Ltd., including:

a) Articles of incorporation and all amendments;

b) Bylaws and all amendments;

c) Minutes of all shareholder meetings;

d) Minutes of all board meetings;

e) All shareholder records and stock certificates;

f) All written consents in lieu of meetings;

g) All annual reports, registrations and licenses; and

h) All records of corporate actions.

**REQUEST FOR PRODUCTION NO. 10:** Produce all communications between or among any Defendants and/or any other persons concerning the Property, Tayab, Pamir restaurant or any of the Defendants or any of the Bayat Siblings' interests in any of them, including:

a) All emails;

b) All text messages;

c) All letters or memoranda;

d) All notes of conversations;

e) All instant messages, social media activity, or chats;

f) All voicemails or recordings; and

g) All calendar entries regarding meetings.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, any agreement (written or oral) among the Bayat Siblings regarding the Property or Tayab, including:

a) Any writings memorializing terms;

#530625675_v1

b) Correspondence discussing the agreement;

c) Documents showing performance under the agreement;

d) Documents showing consideration;

e) Any proposed written agreements;

f) Notes of family meetings; and

g) Any recordings of discussions.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents concerning any services performed or goods or intangibles provided by any Defendant or by any Bayat Sibling to Tayab Real Estate, the Property, or Pamir restaurant, including:

a) Employment, contractor, agency, or contractual agreements;

b) Offer letters;

c) Job descriptions;

d) Compensation records for each person who received compensation directly or indirectly;

e) Tax documents (W-2s, 1099s);

f) Corporate authorizations;

g) Business cards; and

h) LinkedIn profiles or resumes.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents concerning the management, maintenance, or operation of the Property from acquisition to present, including:

a) Management agreements;

b) Vendor contracts;

c) Maintenance, renovation, payment and expense records;

d) Utility bills;

e) Insurance policies;

f) Property tax bills and assessments;

g) Violations or citations; and

h) Operating budgets and reports.

**REQUEST FOR PRODUCTION NO. 14:** Produce all insurance policies and claims concerning the Property, Tayab or Pamir restaurant  from acquisition and/or inception to present, including:

a) Property insurance policies;

b) Liability and medical and health insurance policies;

c) Claims filed;

d) Claims correspondence;

e) Loss runs;

f) Premium payment records; and

g) Inspection reports.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, requests for financial or ownership information regarding the Property, including:

a) Written requests from Bayat Siblings;

#530625675_v1

b) Responses or non-responses;

c) Internal discussions about requests;

d) Legal advice regarding disclosure;

e) Any information actually provided; and

f) Reasons for withholding information.

**REQUEST FOR PRODUCTION NO. 16**: Produce all documents that reflect, refer, relate to, evidence, and/or concern, any payments, subsidies, reimbursements, or benefits provided or paid for by, or caused to be provided or paid for by, any Bayat Sibling to or for the benefit of directly or indirectly any Defendant including Sultan Bayat or for the benefit of the Property or Tayab.

**REQUEST FOR PRODUCTION NO. 17:** Produce all appraisals, valuations, listing agreements or market analyses of the Property from acquisition to present.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, any distributions, dividends, or payments of any kind made from Tayab Real Estate Co. Ltd., Pamir or Property-derived funds to any person from the formation of Tayab to the present.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents concerning the estate of Amir Khan Aga Bayat, including wills, probate records, and estate distributions.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, any mortgages, liens, or encumbrances on the Property from acquisition to present.

#530625675_v1

**REQUEST FOR PRODUCTION NO. 21:** Produce all internal correspondence, memoranda, or communications among Sultan Bayat's family members or among any of Sultan Bayat's family members with any other person regarding the Property, Tayab or the other Bayat siblings.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, the title or ownership of the Property or Tayab from the acquisition of the Property to the present, including but not limited to all deeds, title insurance policies, brokerage and bank applications and mortgage documents.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, Sultan Bayat's health, capacity, or availability to manage the Property or communicate with other Bayat Siblings.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that you may use at any hearing or trial or in support of or in opposition to any motion in this matter.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents that you may use to support and/or refute any claims and/or defenses in this case.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that reflect, refer, relate to, evidence, and/or concern, any fact that you contend supports or tends to support, or that refutes, the claims in the Amended Complaint or the responses and affirmative defenses in your answer thereto.

#530625675_v1

**REQUEST FOR PRODUCTION NO. 27:** Produce all financial statements, tax returns, and accounting records for Pamir restaurant operated on the property from its inception to present, including:

a) Annual financial statements;

b) Monthly or quarterly internal financials;

c) General ledgers and trial balances;

d) Bank, brokerage or financial statements and cancelled checks;

e) Federal and state tax returns;

f) Depreciation schedules;

g) Audit reports and work papers; and

h) Management reports and analyses.

Dated: December 4, 2025

**HOLLAND & KNIGHT LLP**

*/s/ Patrick B. Reagin*
J. Allen Maines (FBN 226270)
allen.maines@hklaw.com
Patrick B. Reagin (*pro hac vice*)
patrick.reagin@hklaw.com
1180 West Peachtree St. NW, Suite 1800
Atlanta, Georgia 30309
Telephone:   (404) 817-8500
Facsimile:   (404) 881-0470

Michael M. Gropper (FBN 105959)
michael.gropper@hklaw.com
Wesley J. Martinez (FBN 1013924)
wesley.martinez@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone:   (904) 353-2000
Facsimile:   (904) 358-1872

*Counsel for Plaintiff Bassir Bayat*

#530625675_v1

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of December, 2025, the foregoing PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS were served on counsel for Defendants by email addressed to all counsel of record for Defendants.

Niels P. Murphy (FBN #0065552)
Vanessa Gray (FBN #1025497)
Murphy & Anderson, P.A.
1501 San Marco Boulevard
Jacksonville, Florida 32207
nmurphy@murphyandersonlaw.com
vgray@murphyandersonlaw.com

By: */s/ Patrick B. Reagin*
Patrick B. Reagin

#530625675_v1