# Exhibit F

BASSIR BAYAT,

      Plaintiff,

    v.

SULTAN BAYAT, PATONIA BAYAT,
MOHAMMAD BAYAT, ALI BAYAT, SAMAY
BAYAT, AL WASAY BAYAT, and TAYAB
REAL ESTATE CO., LTD.,

      Defendants.

Case No. 3:25-CV-1085

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

In accordance with Federal Rules of Civil Procedure 26 and 36, Plaintiff, Bassir Bayat, requests that Defendants, Sultan Bayat, Patonia Bayat, Mohammad Bayat, Ali Bayat, Samay Bayat, Al Wasay Bayat, and Tayab Real Estate Co. Ltd. (collectively, "Defendants"), respond fully to each of the Requests for Admission (the "Requests") set forth below within thirty (30) days of the date of service of the Requests.

## DEFINITIONS

When used in these Requests and the Instructions, the following terms shall have the meanings herein assigned unless the context clearly requires another construction. Any capitalized terms or terms in quotation marks that are not otherwise expressly defined herein shall have the meanings set forth in the pleadings.

A. "You," "your," and "Defendants" shall mean the parties to whom these Requests are directed, Sultan Bayat, Patonia Bayat, Mohammad Bayat, Ali Bayat, Samay Bayat, Al Wasay Bayat, and Tayab Real Estate Co. Ltd ("Tayab"), and, where applicable, their respective parents, subsidiaries, affiliates, units, offices, divisions, officers, directors, trustees, employees, agents, attorneys, assigns, and other persons acting on their behalf or at their direction.

B. "Bayat Siblings" shall mean one or more of: Plaintiff, Farid Bayat, Nassir Bayat, Arifa Rahin, Ehsanollah Bayat, and Ruhullah Bayat.

C. "Property" shall refer to the real property located at 1437 Second Avenue, New York City, New York 10021, and all commercial and/or residential units and appurtenances of same.

D. "Concerning" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, referencing, discussing, showing, describing, reflecting, analyzing, or constituting.

E. "Communicate" or "Communication(s)" means any transmission, exchange, or making known of information or thoughts by oral, written, pictorial or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, including electronic mail, social media, text message, chat, instant messaging, audio or video call, and shall be given the broadest possible interpretation. Communications, and any evidence of a

2

Communication, is included in the definition and meaning of Documents as used herein.

F.      The term "person" or "persons" shall mean a natural person or an artificial person, including, but not limited to, corporations, limited liability companies, partnerships, associations, joint ventures, government agencies or entities, or any other cognizable organization.

G.      The word "identify," when used in reference to:

   a. an <u>individual</u>, shall mean to state his or her full name, present or last known residence address (designating which), present or last known e-mail address (designating which), present or last known social media accounts (designating which), and present or last known (designating which) business affiliation, job title and employment address, and present or last known (designating which) telephone number;

   b. a <u>firm, partnership, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name and present or last known (designating which) address, its legal form (e.g., partnership, corporation, limited liability company, government entity, etc.), the identity of its chief executive officer and/or managing member, and telephone number.

3

H.     The term "Document" or "Documents" includes, but is not limited to, every writing or record of every type or description that is or has been in the possession, custody, or control of the party responding to these requests or of which the party responding to these requests has knowledge, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, videotapes, voice records, maps, graphs, reports, surveys, minutes, statistical compilations, electronic mail, chat messages, instant messages, social media activity, text messages, artificial intelligence ("AI") chats or prompts, computer disks, tapes, or other computer and/or cloud data storage devices; every copy of such writing or records where the original is not in the possession, custody, or control of the party responding to these requests; and each and every copy of each such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary, notation, or marginalia that does not appear on the original writing or record.  The term also includes all "native" or "live" files and records and all embedded comments thereto.

I.     A document "relating," "related," or "which relate(s)" to any given subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including, but not limited to,  documents concerning the preparation of other documents.

4

J.     If the word "each" appears in any request herein, it shall mean "each and every" and each such request should be answered separately with respect to each of the subjects, matters, or things encompassed by said request.

K.     "Amended Complaint" shall mean Plaintiff's Verified First Amended Complaint filed in the above-captioned action.  To the extent the Amended Complaint has been superseded by a later operative pleading, the continuing nature of these Requests dictates that Amended Complaint shall be read to refer to all subsequent operative complaints.

## **INSTRUCTIONS**

A.     If any request is objected to under a claim of privilege, provide sufficient information to determine the nature of the refusal to admit or deny the particular request and also state the basis for any asserted claim of privilege.

B.     If you object to part of a request and refuse to admit or deny that part, state your objection and admit or deny the remaining portion of that request. If you object to the scope or time period of a request and refuse to admit or deny for that scope or time, state your objection and admit or deny the request for the scope or time you believe is appropriate.

C.     In answering these requests, Defendants shall admit or deny the matter specifically, or set forth in detail the reasons why they cannot admit or deny the matter truthfully. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a Defendant qualify an answer or deny only a part of the matter for which an admission is requested, it shall specify

5

so much of it as is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless each of them states that they have made a reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable them to admit or deny.

D.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and admit or deny to the extent possible, specifying your inability to admit or deny the remainder and stating whatever information you have concerning the unanswered portions.

E.    If your answer is qualified in any particular, please set forth the details of such qualification.

F.    The terms defined in any of Plaintiff's written discovery to any Defendant, as well as any defined or capitalized terms or terms in quotation marks that are not otherwise expressly defined herein shall have the meanings set forth in the pleadings.

G.    If any of your responses to a request for admission herein is other than an unequivocal admission, you are required to state the facts and to identify the documents that explain or support your denial in accordance with Plaintiff's interrogatories and requests to produce.

H.    Unless otherwise specified, the relevant time period for these Interrogatories is from the acquisition of the Property to present.

#530637065_v1

## FIRST REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that an oral agreement (the "Oral Agreement") existed between Sultan Bayat and the Bayat Siblings regarding the management of the Property for the benefit of all Siblings.

**REQUEST FOR ADMISSION NO. 2:** Admit that Sultan Bayat agreed to distribute profits from the use of the Property to each Sibling in accordance with their beneficial ownership share.

**REQUEST FOR ADMISSION NO. 3:** Admit that the Bayat Siblings provided consideration for the Oral Agreement, including by providing monthly subsidies, reimbursing and advancing expenses, providing a registered office for Tayab, retaining lawyers and/or contributing to the success of the Property.

**REQUEST FOR ADMISSION NO. 4:** Admit that Sultan Bayat agreed to provide the Bayat Siblings with periodic accountings and other information regarding the management, income, and expenses of the Property.

**REQUEST FOR ADMISSION NO. 5:** Admit that the beneficial ownership interests in the Property are as follows: Farid Bayat (2/13), Sultan Bayat (2/13), Nassir Bayat (2/13), Arifa Rahin (1/13), Bassir Bayat (2/13), Ehsanollah Bayat (2/13), and Ruhullah Bayat (2/13).

**REQUEST FOR ADMISSION NO. 6:** Admit that in or around 2006, proceeds from the sale of air rights pertaining to the Property were distributed to Bayat Siblings in accordance with their beneficial ownership interests.

#530637065_v1

**REQUEST FOR ADMISSION NO. 7:** Admit that in or around 2006, proceeds from the sale of air rights pertaining the Property were distributed to one or more Bayat Siblings in Florida.

**REQUEST FOR ADMISSION NO. 8:** Admit that the Property has been leased by or on behalf of Tayab to commercial and/or residential tenants at various times.

**REQUEST FOR ADMISSION NO. 9:** Admit that the Property has generated income or profits since its acquisition to present.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Property has generated income or profits in the period since the distribution of proceeds from the sale of air rights relating to the Property in or around 2006 and the present.

**REQUEST FOR ADMISSION NO. 11:** Admit that Sultan Bayat traveled to Florida on one or more occasions and, while in Florida, made representations to Plaintiff and/or other Bayat Siblings concerning the Property.

**REQUEST FOR ADMISSION NO. 12:** Admit that one or more Defendants has communicated with Plaintiff and/or one or more Bayat Siblings concerning the Property while Plaintiff and/or such Bayat Sibling(s) were in Florida.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff and/or other Bayat Siblings have requested financial records, documentation, or an accounting for the Property from one or more of the Defendants.

#530637065_v1

**REQUEST FOR ADMISSION NO. 14:** Admit that no Defendant has provided an accounting of the Property's income and expenses to Plaintiff and/or other Bayat Siblings from the acquisition of the Property to present.

**REQUEST FOR ADMISSION NO. 15:** Admit that no Defendant has provided an accounting of the Property's income and expenses to Plaintiff and/or other Bayat Siblings in the period since the distribution of proceeds from the sale of air rights relating to the Property in or around 2006 to the present.

**REQUEST FOR ADMISSION NO. 16:** Admit that Mohammad "Matthew" Bayat threatened one or more of the Bayat Siblings with consequences if they attempted to assert their rights to the Property.

**REQUEST FOR ADMISSION NO. 17:** Admit that Patonia Bayat made false or disparaging statements about Bayat Siblings who sought information regarding the Property.

**REQUEST FOR ADMISSION NO. 18:** Admit that Patonia Bayat publicly accused one or more Bayat Siblings of witchcraft in connection with their efforts to obtain information regarding the Property.

**REQUEST FOR ADMISSION NO. 19:** Admit that Tayab Real Estate Co., Ltd. holds legal title to the Property.

**REQUEST FOR ADMISSION NO. 20:** Admit that the LinkedIn profile for Matthew B., excerpted at Paragraph 47 of the Amended Complaint in this matter, belongs and/or belonged to Defendant Mohammad "Matthew" Bayat.

#530637065_v1

**REQUEST FOR ADMISSION NO. 21:** Admit that after the Amended Complaint was filed in this matter Defendant Mohammad "Matthew" Bayat deleted and/or removed from public view the LinkedIn profile excerpted at Paragraph 47 of the Amended Complaint.

**REQUEST FOR ADMISSION NO. 22:** Admit that the "Tayab Real Estate LLC" entity referenced on the LinkedIn Profile excerpted at Paragraph 47 of the Amended Complaint refers to Defendant Tayab Real Estate Co. Ltd.

**REQUEST FOR ADMISSION NO. 23:** Admit that one or more Defendants has communicated with one or more journalists concerning the dispute at issue in this litigation.

**REQUEST FOR ADMISSION NO. 24:** Admit that one or more Defendants communicated with a journalist named Lynne O'Donnell concerning the dispute at issue in this litigation.

**REQUEST FOR ADMISSION NO. 25:** Admit that one or more Defendants communicated with a journalist named Lynne O'Donnell and provided information that has appeared in a post on O'Donnell's Substack titled: "Afghan philanthropist Bayat accused of fraud by brother."

**REQUEST FOR ADMISSION NO. 26:** Admit that one or more Defendants informed one or more journalists that a lawsuit had been filed by Sultan Bayat in New York in which Sultan claimed that Ehsanollah Bayat forged Sultan's signature on documents.

#530637065_v1

**REQUEST FOR ADMISSION NO. 27:** Admit that no lawsuit has been filed by Sultan Bayat in New York in which Sultan claims that Ehsanollah Bayat forged Sultan's signature on documents.

**REQUEST FOR ADMISSION NO. 28:** Admit that you have no reason to believe Ehsanollah Bayat forged Sultan's signature on documents.

**REQUEST FOR ADMISSION NO. 29:** Admit that Ehsanollah Bayat did not forge Sultan's signature on documents.

**REQUEST FOR ADMISSION NO. 30:** Admit that one or more Defendants have received income, profits, or other proceeds generated by the Property between its acquisition and the Present, directly or indirectly.

**REQUEST FOR ADMISSION NO. 31:** Admit that one or more Defendants have received income, profits, or other proceeds generated by the Property in the period since the distribution of proceeds from the sale of rights relating to the Property in or around 2006 and the Present, directly or indirectly.

**REQUEST FOR ADMISSION NO. 32:** Admit that each Defendant has received income, profits, or other proceeds generated by the Property between its acquisition and the Present.

**REQUEST FOR ADMISSION NO. 33:** Admit that each Defendant has received income, profits, or other proceeds generated by the Property in the period since the distribution of proceeds from the sale of rights relating to the Property in or around 2006 and the Present, directly or indirectly.

11

**REQUEST FOR ADMISSION NO. 34:** Admit that one or more Defendants have received money from Defendant Tayab Real Estate Co. Ltd. in the period since its formation to the Present.

**REQUEST FOR ADMISSION NO. 35:** Admit that one or more Defendants have received money from Defendant Tayab Real Estate Co. Ltd. in the period since the distribution of proceeds from the sale of rights relating to the Property in or around 2006 and the Present.

**REQUEST FOR ADMISSION NO. 36:** Admit that each Defendant has received money from Defendant Tayab Real Estate Co. Ltd. in the period since its formation to the Present.

**REQUEST FOR ADMISSION NO. 37:** Admit that each Defendant has received money from Defendant Tayab Real Estate Co. Ltd. in the period since the distribution of proceeds from the sale of rights relating to the Property and the Present.

**REQUEST FOR ADMISSION NO. 38:** Admit that Defendant Tayab Real Estate Co. Ltd. owns no real property other than the Property.

**REQUEST FOR ADMISSION NO. 39:** Admit that Sultan Bayat is not incapacitated or otherwise unable by reason of health to communicate with Plaintiff and/or the Bayat Siblings concerning the Property.

**REQUEST FOR ADMISSION NO. 40:** Admit that representations to Plaintiff and/or the Bayat Siblings concerning Sultan Bayat's health and/or capacity to communicate concerning the Property were false when made.

#530637065_v1

**REQUEST FOR ADMISSION NO. 41:** Admit that at the time of these Requests the Property includes seven (7) rental apartments on New York City's Upper East Side.

**REQUEST FOR ADMISSION NO. 42:** Admit that at the time of these Requests the Property includes commercial space leased by Leonard's Market.

**REQUEST FOR ADMISSION NO. 43:** Admit that one or more of the Defendants has attempted to sell the Property in the last three (3) years.

**REQUEST FOR ADMISSION NO. 44:** Admit that one or more of the Defendants have discussed selling the Property in the last three (3) years.

**REQUEST FOR ADMISSION NO. 45:** Admit that one or more of the Defendants plans, intends, or hopes to sell the Property in the next three (3) years.

**REQUEST FOR ADMISSION NO. 46:** Admit that one or more of the Defendants have discussed selling the Property in the last three (3) years.

**REQUEST FOR ADMISSION NO. 47:** Admit that one or more of the Defendants has spent for personal purposes money, funds, proceeds, or income derived from the Property in the last three (3) years.

**REQUEST FOR ADMISSION NO. 48:** Admit that the Defendants lack professional experience in managing commercial properties.

**REQUEST FOR ADMISSION NO. 49:** Admit that one or more Defendants lacks income sufficient to cover their personal expenses without income, proceeds, profits, or other monies derived from the Property.

#530637065_v1

**REQUEST FOR ADMISSION NO. 50:** Admit that one or more of the Defendants has attempted to sell property located at 574 Mill Run, Paramus, New Jersey in the last three (3) years.

**REQUEST FOR ADMISSION NO. 51:** Admit that Sultan Bayat owes fiduciary duties to one or more of the Bayat Siblings.

**REQUEST FOR ADMISSION NO. 52:** Admit that Sultan Bayat has not provided any written information to any of the Bayat Siblings about the Property since distribution of monies from the sale of air rights over the property in or around 2006.

**REQUEST FOR ADMISSION NO. 53:** Admit that one or more Defendants deliberately evaded, resisted, and/or refused to accept service of process of the original Complaint in this matter.

**REQUEST FOR ADMISSION NO. 54:** Admit that Sultan Bayat knew in the period since acquisition of the Property and the filing of this litigation that one or more Bayat Siblings resided in Florida.

**REQUEST FOR ADMISSION NO. 55:** Admit that each Defendant knew in the period since acquisition of the Property and the filing of this litigation that one or more Bayat Siblings resided in Florida.

**REQUEST FOR ADMISSION NO. 56:** Admit that one or more Defendants knew in the period since acquisition of the Property and the filing of this litigation that one or more Bayat Siblings resided in Florida.

14

Dated: December 4, 2025

**HOLLAND & KNIGHT LLP**

*/s/ Patrick B. Reagin*
J. Allen Maines (FBN 226270)
allen.maines@hklaw.com
Patrick B. Reagin (*pro hac vice*)
patrick.reagin@hklaw.com
1180 West Peachtree St. NW, Suite 1800
Atlanta, Georgia 30309
Telephone:   (404) 817-8500
Facsimile:    (404) 881-0470

Michael M. Gropper (FBN 105959)
michael.gropper@hklaw.com
Wesley J. Martinez (FBN 1013924)
wesley.martinez@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone:   (904) 353-2000
Facsimile:    (904) 358-1872

*Counsel for Plaintiff Bassir Bayat*

#530637065_v1

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2025, the foregoing PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS were served on counsel for Defendants by email addressed to all counsel of record for Defendants.

> Niels P. Murphy (FBN #0065552)
> Vanessa Gray (FBN #1025497)
> Murphy & Anderson, P.A.
> 1501 San Marco Boulevard
> Jacksonville, Florida 32207
> nmurphy@murphyandersonlaw.com
> vgray@murphyandersonlaw.com

By:     */s/ Patrick B. Reagin*
        Patrick B. Reagin