# Exhibit L

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BASSIR BAYAT,

      Plaintiff,

    v.

SULTAN BAYAT, PATONIA BAYAT,
MOHAMMAD BAYAT, SAMAY BAYAT, AL
WASAY BAYAT, and TAYAB REAL ESTATE
CO., LTD.,

      Defendants.

Case No. 3:25-CV-1085

## <u>NOTICE OF DEPOSITION OF TAYAB REAL ESTATE CO. LTD.</u>

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, Bassir Bayat, through counsel, will take the deposition of Defendant Tayab Real Estate Co. Ltd. ("Tayab") at Holland & Knight LLP, 50 North Laura Street, Suite 3900, Jacksonville, Florida 32202, on February 26, 2026, beginning at 9:30 a.m. Eastern Time and continuing from day to day until completed.  Should this date or location be unavailable, we are willing to work with you in good faith to identify a prompt, mutually convenient substitute, if possible.

PLEASE TAKE FURTHER NOTICE that the deposition will be conducted by oral examination before a notary public or other officer authorized to administer oaths and will be recorded by stenographic means and videotape.  The

deposition is being taken for the purpose of discovery, use at trial, and any other purposes permitted by law.

In accordance with Federal Rule of Civil Procedure 30(b)(6), Tayab is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf regarding the topics described in <u>Exhibit A</u> attached hereto and incorporated by reference herein.

Dated: January 6, 2026.

HOLLAND & KNIGHT LLP

*/s/Patrick B. Reagin*
J. Allen Maines (FBN 226270)
allen.maines@hklaw.com
Patrick B. Reagin (pro hac vice)
patrick.reagin@hklaw.com
1180 West Peachtree St. NW, Suite 1800
Atlanta, Georgia 30309
Telephone:  (404) 817-8500
Facsimile:   (404) 881-0470

Michael M. Gropper (FBN 105959)
michael.gropper@hklaw.com
Wesley J. Martinez (FBN 1013924)
wesley.martinez@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone:  (904) 353-2000
Facsimile:   (904) 358-1872

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2026, the foregoing NOTICE

OF DEPOSITION OF TAYAB REAL ESTATE CO. LTD. were served on counsel for

Defendants by email addressed to all counsel of record for Defendants.

Niels P. Murphy (FBN #0065552)
Vanessa Gray (FBN #1025497)
Murphy & Anderson, P.A.
1501 San Marco Boulevard
Jacksonville, Florida 32207
nmurphy@murphyandersonlaw.com
vgray@murphyandersonlaw.com

By:     */s/ Patrick B. Reagin*
        Patrick B. Reagin

# EXHIBIT A

The following topics are noticed pursuant to Fed. R. Civ. P. 30(b)(6). Unless otherwise specified, the relevant time period is from the formation of Tayab to the present. Defined terms shall have the meanings set forth in Plaintiff's pleadings and written discovery, including "Document(s)," "Communication(s)," "Concerning," "Identify," "Bayat Siblings," "Property," and "Defendants." These topics encompass knowledge "known or reasonably available" to Tayab, including information held by its officers, directors, employees, agents, accountants, bookkeepers, attorneys (to the extent non-privileged facts), and other persons acting on its behalf.

## TOPICS

1. The corporate identity, formation, qualification, and status of Tayab Real Estate Co., Ltd. ("Tayab"), including date and jurisdiction of incorporation, principal place of business, registered agent(s), and all names, aliases, "d/b/a's," and other labels under which Tayab operates or does business.

2. The past and present corporate structure, management, ownership, and operation of Tayab, including the identity, tenure, and duties of all past and present officers and directors, and any individual Defendant.

3. Sultan Bayat's management of Tayab during the period of his illness.

4. All past and present business activities of Tayab.

5. Content, agenda, and frequency of annual meetings, shareholder or owner or director meetings, attendees and participants in same, records relating to same, and other practices relating to the observance of corporate formalities.

6. The capital structure of Tayab, including identity of all owners or stakeholders and their respective interests in Tayab over time.

7. Any outstanding debt of Tayab, the amount and holder of same, the date on and purposes for which it was incurred, and the status of same.

1

**8.** Tayab's role vis-à-vis the Property: acquisition history, legal title, past and current ownership, and any changes in title, encumbrances, or beneficial interests.

**9.** All agreements—oral or written—concerning ownership, management, administration, or distribution of proceeds from the Property, including the allocation of beneficial shares.

**10.** Tayab's knowledge and position regarding the Bayat Siblings' alleged beneficial ownership interests, the alleged allocation of shares, and any changes thereto asserted by Tayab.

**11.** The 2006 sale of air rights related to the Property and distribution of proceeds: terms, gross and net amounts, recipients, dates, methods of distribution, the basis for same and any related accounting or documentation.

**12.** All rental income or revenue streams related to the Property, including commercial tenants (e.g., Leonard's Seafood/Prime Meats) and residential tenants, lease terms, and the existence, maintenance, and location of leases, rent rolls, collection records, and security deposits.

**13.** All leases and occupancy agreements at the Property from acquisition to present, including amendments, renewals, options, assignments, and correspondence with tenants.

**14.** All individuals or entities providing property management services pertaining to the Property.

**15.** The profits generated by Tayab in each year since its formation, the sources of same, and the records maintained by or on behalf of Tayab reflecting same.

**16.** The distribution of any money, income or wages by Tayab in each year since its formation and the records maintained by or on behalf of Tayab reflecting same and the recipient's identity.

**17.** Financial accounting practices for the Property and/or Tayab, including the preparation of quarterly or monthly financials, general ledgers, trial balances, statements of rents, budgets, bank statements, cancelled checks, tax returns, depreciation schedules, audits, and management reports and the location and maintenance of same.

#531774276_v1

**18.** All bank, brokerage, or other financial accounts (identified by location, account number, and relationship contact) that received or held funds derived from the Property or Tayab, account owners and authorized signatories, dates opened/closed, year-end and current balances, and policies or controls governing disbursements.

**19.** All distributions, withdrawals, or transfers of money or other assets from Property-derived funds or Tayab directly or indirectly to any Defendant, Bayat Sibling, or any entity associated with any Defendant, including the basis and authorization for each transfer.

**20.** Any payments, subsidies, reimbursements, or benefits provided by (1) the Bayat Siblings or by (2) any of the individual Defendants to or for the benefit of Sultan, Tayab, or the Property, including the reason, the date and amount, the source, and Tayab's accounting and treatment of such items.

**21.** Any benefits, compensation, or other consideration paid directly or indirectly by Tayab or from Property-derived funds to any Defendant, including the reason, the date and amount, the source, authorization, tax treatment, and the existence and location of documentation relating thereto.

**22.** The Pamir restaurant historically operated at the Property: management, financials, banking, tax returns, and any transfers of funds between Pamir, Tayab, any Bayat Sibling and any person or entity related to Defendants, including the reason, the date and amount, the source.

**23.** All expenses related to the Property, including management fees, repairs/maintenance, utilities, insurance, professional fees, taxes, capital expenditures, and any payments to Defendants or their affiliates, and the existence and location of documentation relating thereto.

**24.** Insurance policies providing coverage for the Property, Tayab or any defendant (property, liability, health, or otherwise), and premium payments therefor.

**25.** Mortgages, liens, encumbrances, refinancing, guarantees, and any applications or submissions to lenders, realtors or title insurers concerning the Property or Tayab.

**26.** Each bookkeeper, accountant, lawyer, real estate professional investment or financial advisor that has provided services for Tayab or for the Property.

**27.** Any attempt, plan, or discussion to sell, refinance, encumber or otherwise monetize the Property within the last three years, including brokers

engaged, offers received, appraisal, listing agreements, brokers' opinions, and contemplated distributions of proceeds.

**28.** Requests from Plaintiff or any Bayat Sibling for accountings, books and records, ownership information, or access to information; Tayab's responses or those of anyone working with it or on its behalf, and internal discussions regarding such requests.

**29.** The role, authority, and activities of each Defendant with respect to Tayab and/or the Property, including any employment, agency, services or goods provided (and the dates thereof) compensation, or access to records.

**30.** Communications with journalists or media (including Lynne O'Donnell) by anyone acting with, for, or on behalf of Tayab concerning the Property, Tayab, the parties, the litigation, any of the Bayat Siblings or allegations about a supposed New York lawsuit, including the source, content, and purpose of such communications.

**31.** Record retention, litigation holds, preservation steps, and ESI systems and custodians relevant to Tayab and the Property, including emails, messaging platforms, cloud storage, accounting software, and third-party systems; identification of all custodians and repositories searched.

**32.** Identification of all ESI sources and custodians for Tayab and the Property, including email systems, messaging platforms, file shares, accounting software, mobile devices, and cloud services, and whether any relevant data was lost, deleted, or altered.

**33.** Documents withheld, redacted, or not produced in response to Plaintiff's discovery requests, including the existence of privilege logs, the asserted bases for withholding, and categories of documents or data sources not searched or produced.

**34.** Identification and authentication of documents requested in, produced by or on behalf of Tayab in response to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

**35.** Tayab's responses and objections to Plaintiff's written discovery, including facts known or reasonably available supporting any non-admission, objection, or affirmative defense.

#531774276_v1

**36.** Knowledge of any sale or attempted sale of the property located at 574 Mill Run, Paramus, New Jersey, and the amount, location and custodian of funds received from any sale of 574 Mill Run, Paramus, N.J.

**37.** All sources of money used to acquire the Property or the property located at 574 Mill Run, Paramus, New Jersey.

**38.** The identity of the purchaser of the property located at 574 Mill Run, Paramus, New Jersey.

**39.** All tax returns for the Property and Tayab.

**40.** Authentication of the email addresses, webpages and social media pages and bank accounts used by any Defendant.

**41.** All communications between and among the Defendants.

**42.** The time and place where Sultan Bayat's stroke occurred, the doctors and medical facilities treating him, and the dates treatment was received.

**43.** The residence and business or employer's addresses of each Defendant on the date the Complaint and/or Amended Complaint in this action were filed.

#531774276_v1