**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

BASSIR BAYAT,

     Plaintiff,

v.                                                    Case No. 3:25-cv-1085-JEP-LLL

SULTAN BAYAT ET AL.,

     Defendants.

_____/

**Defendants' Response in Opposition to the Plaintiff's Motion for**
**Leave to File Supplemental Brief**

The plaintiff's motion for leave to file a supplemental brief in support of his motion for appointment of a receiver should be denied. As demonstrated by the plaintiff's own admissions and evidence, the plaintiff has no interest in the property or company for which he requests appointment of a receiver, and the subject matter of his proposed supplemental brief does not change that.

This is a lawsuit between estranged family members. In May 2025, Sultan suffered a stroke. Within weeks, his siblings began taking steps to sue him for ownership and control of his main asset, a New York property he acquired in 1991 and owns through Tayab Real Estate Co. Ltd. *See* Doc. 62-1 (assignments of claims dated late May and early June 2025). In July 2025, Sultan's brother Bassir filed this lawsuit against Sultan, Tayab, and Sultan's wife and sons. *See* Doc. 5 (complaint). Bassir alleges he and the other Bayat

siblings have a "beneficial interest" in the property based on a purported oral contract from the time of the acquisition. *See generally* Doc. 13 (amended complaint). The allegations are conclusory and omit critical dates and details. *See generally id.*

At the beginning of discovery, Sultan's counsel advised Bassir's counsel that Sultan was recovering from a stroke and was physically unable to sit for a deposition. *See* Doc. 34-4 at 3, 6 (emails). Bassir conflated Sultan's physical infirmity with incapacity and moved for appointment of a receiver on December 19, 2025.[1] *See* Doc. 29 (motion). He provided no evidence of entitlement to Tayab or the property, instead relying entirely on his verified allegations in the amended complaint and his assertion that the Court had concluded "it was unlikely Plaintiff's claims would be dismissed." *See id.* at 8–9; *but see* Doc. 18 at 2 (order denying the defendants' motion to stay discovery "without expressing any opinion" on the final resolution of the motion to dismiss).

On January 6, 2026, the defendants responded to the motion for appointment of a receiver and provided evidence that various material allegations were false and that Bassir's counsel had made at least one significant representation inconsistent with a key allegation in between filing the complaint and the amended complaint. *See generally* Docs. 34, 34-1 to -5.

---

[1]Sultan has since become incapacitated. *See* Doc. 61-1 (sealed medical report).

On January 15, 2026, Bassir filed a reply and attached approximately 400 pages of exhibits. Docs. 40, 40-1 to -12. He admitted the falsity of one verified allegation and made several representations inconsistent with other verified allegations, changing his narrative of significant facts.[2] His own evidence undermines his allegations and other representations.[3] And despite the volume of exhibits, he failed to provide a single document supporting the alleged pattern of communication and distributions he relies on to establish the existence of the purported oral contract entitling the Bayat siblings to any interest in the property. *Compare generally* Doc. 13 (amended complaint), *with* Docs. 40-1 to -12 (exhibits).

The defendants moved for leave to file a sur-reply. Doc. 41. On January 26, 2026, the Court granted the motion in part and denied the motion in part. Doc. 44. The Court advised, "The parties are cautioned that this Court will not grant further motions for replies on this issue." *Id.* at 2. The defendants filed

---

[2]*E.g.*, *compare* Doc. 13 (alleging the siblings' father acquired the property, Sultan is the eldest male and was thus entrusted with managing the property, each brother has a 2/13 beneficial interest in the property and the sister has a 1/13 beneficial interest in the property, and approximately $2,351,000 in proceeds from the sale of the property's air rights were distributed "in accordance with [the siblings'] agreed-upon shares"), *with* Docs. 40, 40-1 to -12 (the property was acquired with a down payment consisting of "pooled family profits," Farid is the eldest male, four of the five brothers each received approximately $60,000 from the air-rights sale, and the sister received the same amount).

[3]*See, e.g.*, Doc. 40-7 at 323 (describing the proceeds from the air-rights sale as "Sultan's money"); *compare* Doc. 40 at 3–4 ("Defendants fail to explain why proceeds from the sale of air rights <u>were</u> distributed among the Siblings as Plaintiff alleges and attached exhibits prove."), *with* Doc. 40-2 ¶ 9, Doc. 40-3 ¶ 12, Doc. 40-7 ¶ 7, Doc. 40-7 at 8–10, 320–24, Doc. 40-8 ¶ 5 (attached exhibits demonstrating that the proceeds were <u>not</u> distributed as alleged).

the authorized sur-reply on January 30, 2026. Doc. 48.

On February 5, 2026, the Court conducted a discovery conference. *See* Doc. 50 (minutes). At the conference, Bassir's counsel acknowledged that no Bayat sibling had received any portion of proceeds from the property since 2006, when some were given approximately $60,000 following the sale of the air rights.

Bassir deposed Sultan's eldest son, Matthew, on February 19, 2026, and Tayab's corporate representative, Sultan's son Ali, on February 26, 2026. No testimony from either deposition supports that any Bayat sibling has any interest in Tayab or the New York property.

On March 13, 2026, Bassir filed the current motion for leave to supplement the receivership briefing based on the deposition testimony. Doc. 59. He mischaracterizes the testimony; speculates that Ali, "possibly in league with his brothers, has usurped" management responsibility over the New York property;[4] falsely claims that Matthew "admits to disseminating copies of a draft lawsuit containing numerous falsehoods to third parties in retaliation for Plaintiff's claims";[5] and otherwise recasts the defendants' legitimate actions as

---

[4]Ali testified that his father had taught him how to manage the property, he has been helping his father out for years, and after Sultan's stroke, Sultan asked him to handle the property while he recovered.

[5]Matthew acknowledges providing a draft lawsuit to a journalist, who later published an article discussing it. Matthew's deposition testimony reflects significant confusion over the facts underlying the draft lawsuit. Moreover, he specifically testified that he never

somehow nefarious.[6] *See generally id.*

Meanwhile, Sultan's condition deteriorated. On March 20, 2026, the defendants' counsel provided Bassir's counsel with a medical report from Sultan's physician. *See* Doc. 61-1 (sealed medical report); Ex. A (email). The physician described Sultan's condition in detail and declared Sultan incapacitated.[7] Doc. 61-1. The defendants' counsel asked Bassir's counsel to cancel Sultan's deposition, which had been noticed for March 31, 2026, and to provide a position on the appointment of a guardian ad litem. *See* Ex. A at 2. Bassir's counsel refused to cancel the deposition and opposed the appointment of a guardian ad litem. *Id.* at 1. Nevertheless, Bassir's counsel advised, "Given this development, we intend to request leave to further supplement our briefing on the motion to appoint a receiver," and added, "Surely, we can agree that a receiver to preserve the status quo is now appropriate." *Id.* at 1–2.

---

wanted details of the draft lawsuit to be published and that his purpose of speaking to the journalist was to share his father's story of emigrating to the United States, working, and living the American dream. He testified that his uncles were attempting to erase his father's legacy and he would not let them "trample [his] father's name." He further testified that he never approved publication of the article, "never wanted" discussion of the draft lawsuit published, and had asked the journalist to remove the article several times.

[6]Bassir is correct that Matthew and Ali provided varying accounts of their father's condition. Neither son is a medical professional. Regardless of Matthew's and Ali's personal opinions and observations, Sultan's physician has provided three separate reports regarding Sultan's condition at different intervals. *See* Doc. 40-1 at 6 (Dec. 4, 2025, report); Doc. 36-2 at 2 (Jan. 2, 2026, report); Doc. 61-1 (Mar. 19, 2026, sealed report).

[7]In 2024, Sultan signed a durable power of attorney appointing his wife, Patoni, as his attorney-in-fact if he became incapacitated. The power of attorney has thus taken effect, and Patoni is managing Sultan's affairs or obtaining assistance on his behalf.

Sultan promptly filed two urgent motions (authorized by his wife and attorney-in-fact, Patoni). On March 20, 2026, he filed a time-sensitive motion to for appointment of a guardian ad litem. Doc. 60. The next business day, March 23, 2026, he filed an emergency motion for a protective order prohibiting his deposition. Doc. 62.

On March 23, 2026, the Court set a hearing on Sultan's urgent motions for April 2, 2026. Doc. 65. On March 24, 2026, Bassir supplemented his motion for appointment of a receiver to designate it an emergency and request a ruling by the date of the hearing. Doc. 67. On March 25, 2026, the Court entered an endorsed order stating that the Court does not find good cause to designate the motion an emergency. Doc. 68.

The motion for leave to file a supplemental brief should be denied. The receivership issue has already been extensively briefed. *See* Docs. 29, 29-1, 34, 34-1 to -5, 40, 40-1 to -12, 48, 48-1 to -6. Bassir has not and cannot establish any interest in Tayab or the New York property. *See generally id.*; *see also* Doc. 49-6 (Bassir's response to Sultan's first interrogatories refuting Bassir's allegations of "many years" of "regular updates" and distributions "in accordance with the agreed-upon shares"). Regardless of Matthew's and Ali's deposition testimony—which Bassir mischaracterizes—Bassir is not entitled to appointment of a receiver. Further briefing is a waste of the parties' and Court's resources.

6

As a final matter, the defendants acknowledge that Sultan's condition has declined since briefing on the receivership issue closed. His affairs are being managed by his wife according to a durable power of attorney signed in 2024, and through his wife, he has also requested appointment of a guardian ad litem to represent his interests in this case. However, Sultan's capacity was never dispositive of the receivership issue. Regardless of Sultan's capacity, Bassir has no interest in Tayab or the New York property and thus has no right to appointment of a receiver.

Respectfully submitted on March 27, 2026.

**MURPHY & ANDERSON, P.A.**

/s/ *Niels P. Murphy*
**NIELS P. MURPHY**
Florida Bar No. 0065552
nmurphy@murphyandersonlaw.com
gherman@murphyandersonlaw.com
**GERRY GIURATO**
Florida Bar No. 0032548
ggiurato@murphyandersonlaw.com
**VANESSA GRAY**
Florida Bar No. 1025497
vgray@murphyandersonlaw.com
1501 San Marco Boulevard
Jacksonville, Florida 32207
(904) 598-9282
*Attorneys for Defendants*